# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60316
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2014

Lyle W. Cayce
Clerk

EZEQUIEL PEDROZA-GOMEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 623 326

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Ezequiel Pedroza-Gomez, a native and citizen of Mexico, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of asylum, withholding of removal, and relief under the Convention Against Torture. His brief consists almost entirely of legal boilerplate and generalized, conclusory assertions that he meets the relevant standards. He does not explain how he satisfies those standards or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

include citations to the administrative record.  Much of his brief rests on the incorrect assertion that that the immigration judge made an adverse credibility determination which the BIA refused to reconsider.

Because Pedroza-Gomez does not dispute the BIA's dispositive finding that he failed to show persecution on account of membership in a "particular social group," *see Orellana-Monson v. Holder*, 685 F.3d 511, 518, 521-22 (5th Cir. 2012), or the determination that he failed to establish a likelihood of torture upon his return to Mexico, *see Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005), we "treat the issues concerning the merits of his immigration appeal as abandoned." *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam); *see also* FED. R. APP. P. 28(a)(8)(A) (requiring the appellant to include his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (declining to raise and address legal issues the appellant failed to assert and holding that his "recitation of familiar rules governing our review . . ., without even the slightest identification of any error in [the district court's] legal analysis or its application to [his] suit" was "the same as if he had not appealed that judgment").

The petition for review is DENIED.